IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTRONE RODWELL,<br>Individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DONE RIGHT MERCHANDISING, INC.,<br><br>    Defendant. | Civil Action No. 3:22-cv-00358-FDW |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Antrone Rodwell ("Plaintiff") and Defendant Done Right Merchandising, Inc. ("Done Right") (jointly, the "Parties") ask the Court to approve the Settlement and Release Agreement ("Settlement Agreement") being filed herewith,[1] and to dismiss this matter with prejudice.

    1.    Plaintiff filed his original complaint on August 5, 2022, alleging on behalf of himself and his co-workers at Done Right that they were entitled to recover overtime pay under the Fair Labor Standards Act ("FLSA") and North Carolina state wage and hour law for working more than 40 hours per week working at remodeling Dollar General stores during their tenures with Done Right. Dkt. No. 1. On September 29, 2022, Plaintiff filed an amended complaint, dropping his North Carolina state wage and hour law claim, but maintaining the same allegations under the FLSA. Dkt. No. 15.

---

[1]     Defendant filed an Unopposed Motion to File the Settlement Agreement and related settlement documents under Seal. Dkt. No. 32. Pending the Court's ruling on that motion, the Settlement Agreement can be submitted to the Court for *in camera* inspection if necessary.

2. Defendant filed an answer denying the Plaintiff's allegations and raising certain affirmative defenses. Dkt. No. 16. Defendant denied and continues to deny all liability to Plaintiff and any other Done Right workers.

3. The Parties have agreed to enter into a settlement involving a compromise of all claims under the FLSA and applicable state or local wage and hour law of Plaintiff and all of the individuals who have opted to join this lawsuit and to proceed collectively with Plaintiff.

4. The settlement between the Parties arises from a mediation that was conducted before Mr. Allen Blair, an experienced class and collective action mediator in Memphis, Tennessee who is well-versed in FLSA matters. After having exchanged relevant information that allowed the Parties to appropriately evaluate the relative strengths and weaknesses of their respective positions, they negotiated a proposed settlement that is fair to all of the Parties.

5. Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See e.g., Kianpour v. Restaurant Zone, Inc.*, No. Civ. A. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer...to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The policy of encouraging settlement of litigation applies in context of FLSA litigation where there are *bona fide* issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Id*. at 1354.

6. The Parties have conducted a thorough investigation, researched the law, and interviewed numerous workers. Counsel for Plaintiff has filed a number of similar cases around

the country and is intimately familiar with the Dollar General remodeling procedures and the work and time spent by the Plaintiff and his co-workers in doing this type of work.

7. A *bona fide* dispute exists regarding Plaintiff's and the Opt-In Plaintiffs' claims for wages owed by Done Right. Plaintiff alleged that he and his co-workers were paid a set rate for all hours worked in performing a Dollar General remodel as part of a Done Right remodeling team, including those in excess of 40 hours in a workweek. Done Right asserts that its pay practices were and remain fully compliant with applicable law and that the Plaintiffs and their co-workers were properly paid. The Parties have discussed and addressed various complex, disputed issues, such as issues regarding legal and factual disputes related to the number of hours worked by the Plaintiff and his co-workers, the details of Done Right's pay practices, as well as potential damage calculations. If this case is not settled, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes, additional subpoenas to third-parties, questions regarding applicability of the FLSA, good faith, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case was not settled, and recognized that their settlement represented a compromise of the range and uncertainty of their damages.

8. The Parties each believe that the terms of the settlement are fair, reasonable, and appropriate under the circumstances.

9. The settlement was the product of arm's length negotiations among experienced counsel and there is no evidence of fraud or collusion.

10. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted under the FLSA or applicable state or local wage and hour

laws in this action by Plaintiff and his co-workers who opted to join the case against Defendant. It was crafted at arm's length by experienced counsel on both sides following contested litigation.

11.     The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of the Parties' *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The parties have mitigated the risk and costs on both sides that proceeding further presents. The settlement will conserve substantial time and expense by eliminating the need for trial.

The Parties have submitted a proposed Order granting this Motion.

## Prayer

The Parties pray that the Court grant this Motion, approve the Settlement and Release Agreement agreed to by the Parties, and dismiss this case with prejudice, with the Court to retain jurisdiction to enforce the terms of the settlement.

Dated: June 9, 2023                                                     Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker *(pro hac vice)*
TBA No. 03316860
SDTX ID: 11498
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**LEAD ATTORNEY FOR PLAINTIFF**

MIANO LAW PC

*/s/ Bert J. Miano*
NC State Bar No. 49813
3116 Weddington Road
Suite 900-1049
Matthews, NC 28105-9407
Phone: (704) 275-7199
Fax: (704) 630-7199
Email: bmiano@mianolaw.com

**ATTORNEY FOR PLAINTIFF**

*/s/ R. Bryan Holbrook*
R. Bryan Holbrook (N.C. Bar No. 56201)
**Fisher & Phillips LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Tel. (704) 334-4565
Fax (704) 334-9774
bholbrook@fisherphillips.com

Matthew R. Korn (By Special Appearance)
**Fisher & Phillips LLP**
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Tel. (803) 740-7652
Fax (803) 255-0202
mkorn@fisherphillips.com

**ATTORNEYS FOR DEFENDANT
DONE RIGHT MERCHANDISING, INC.**

## Certificate of Service

I hereby certify that on June 9, 2023, I electronically filed a copy of the foregoing Motion and served it by electronic transmission through the Court's CM/ECF system.

*/s/ Josef F. Buenker*
Josef F. Buenker